# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHO VAN LE,                    :    Civil No. 1:26-CV-01373
                               :
     Petitioner,             :
                               :
     v.                      :
                               :
JEFFREY BUTLER, *et al.*,       :
                               :
     Respondents.            :    Judge Jennifer P. Wilson

## MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Cho Van Le ("Le").  (Doc. 1.)  Le argues that he is being wrongfully detained in violation of 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  For the reasons that follow, the court will grant Le's petition and order him released on the conditions previously imposed.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Le was born in Vietnam in 1952.  (Doc. 1, ¶ 10.)  He fled with his family to the United States and was admitted as a refugee on March 23, 1989.  (*Id.*)  On September 10, 2014, Le was charged with several criminal offenses.  (*Id.* ¶ 11.)  On May 13, 2016, Le was sentenced in the Court of Common Pleas of Berks County, Pennsylvania to two drug offenses involving marijuana and a theft offense

1

and was released from imprisonment on May 26, 2016.  (Doc. 4-2, p. 2; Doc. 1, ¶ 12.)[1]

On March 5, 2017, Le was served with a notice to appear charging him as removable pursuant to the Immigration and Nationality Act ("INA") §§ 237(a)(2)(iii) and 237(a)(2)(B)(i) because Le was convicted of an aggravated felony after admission relating to trafficking a controlled substance.  (Doc. 4-3, p. 3.)  On October 17, 2017, Le was ordered removed to Vietnam, he waived his appeal, and the removal order became administratively final.  (Doc. 4, p. 3.)  Le was initially detained by the Department of Homeland Security ("DHS") on this final removal order but on May 15, 2018, was released on an order of supervision pending issuance of a travel document.  (Doc. 1, ¶ 12; Doc. 1-3.)  Le was in custody during this time frame for 214 days.  (Doc. 1, ¶ 18.)

DHS revoked Le's order of supervision on October 17, 2025, and detained Le at his check-in with Immigration and Customs Enforcement ("ICE") based on the belief that there was a significant likelihood of removal in the reasonably foreseeable future.  (Doc. 1, ¶ 16; Doc. 4, pp. 3–4.)  On January 2, 2026, DHS conducted a custody review and determined that continued detention was warranted as Le posed a significant public safety concern due to his criminal record and because of the significant likelihood of removal in the reasonably

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

foreseeable future.  (Doc. 4, p. 4.)  On January 20, 2026, DHS submitted Le's travel application to Vietnam.  (*Id.*)  On May 20, 2026, DHS confirmed that the travel document application had been forwarded to the attaché for Vietnam for travel document issuance.  (*Id.*)  Le is currently detained at Federal Correctional Institution ("FCI") Lewisburg.  (Doc. 1, ¶ 1.)

On May 20, 2026, Le filed a petition for writ of habeas corpus requesting release from detention against Jeffrey Butler, Warden of FCI Lewisburg; Markwayne Mullin, Secretary of the Department of Homeland Security; Todd Lyons, Acting Director of ICE; and Michale Rose, Acting Field Office Director of ICE, Enforcement and Removal Operations Philadelphia Field Office ("Respondents").[2]  (Doc. 1.)  Respondents filed a response on June 5, 2026, and Le filed a traverse on June 25, 2026.  (Docs. 4, 5.)  Thus, this petition is ripe for review.

---

[2] Respondents submit that the only proper respondent is Jessica Sage because she is the Warden of FCI Lewisburg.  (Doc. 4, p. 5–6.)  Respondents also note that Petitioner names Jeffrey Butler as the warden, but the warden is actually Jessica Sage.  (*Id.* at 5 n.1.)  In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent.  *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.")  Because Petitioner has named a proper respondent, the court does not deem it necessary to determine whether the other named Respondents should be dismissed.

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)).  Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement." *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted).  Le is detained at FCI Lewisburg, which is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Le argues that his re-detention violates Section 1231 of the INA, Section 241.13 of the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment.  (Doc. 1, ¶¶ 19–36.)  Le asserts that his detention is beyond the 90-day period permitted by Section 1231, and is unreasonably prolonged beyond the presumptively reasonable six-month period in violation of *Zadvydas*, 533 U.S. 678.  (*Id.*)  Le requests his immediate release from custody and an award of costs and reasonable attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b).  (Doc. 1, p. 11.)

4

In opposition, Respondents argue that Le is lawfully detained under Section 1231(a) and is not entitled to a bond hearing. (Doc. 4, pp. 4–12.) Respondents do not dispute that the 90-day period has expired but argue that the six-month period began when Le's bond was revoked in October 2025. (*Id.* at 6–7.) They further submit that there is a likelihood of removal to Vietnam in the reasonably foreseeable future. (*Id.* at 7–9.) In support of this assertion, Respondents rely on a declaration of Alex Hans, a deportation officer for DHS and ICE. (*Id.*; Doc. 4-5.) The declaration provides Le's immigration history and the most recent timeline for submission of a travel document issuance for Vietnam. (Doc. 4-5, pp. 1–2.) The declaration asserts that there is a significant likelihood of removal in the reasonably foreseeable future because in 2025, Vietnam issued travel documents to 699 people for removal, including 327 individuals that entered the United States pre-1995. (*Id.* at 2–3.) Therefore, in the declarant's view, it is anticipated that Le will be removed once a travel document is issued and that removal is imminent. (*Id.* at 3.)

Additionally, Respondents argue that Le received all the due process that is required as a bond hearing is not required under Section 1231, and that Le has not presented a cognizable APA claim. (Doc. 4, pp. 9–12.) Lastly, Respondents request that the court defer any decision on EAJA costs and fees until a motion is filed thirty days after final judgment in this case. (*Id.* at 12–14.)

5

In his traverse, Le submits that he has been detained for 248 days since his October 17, 2025 re-detention, which combines for a total of 458 days post-removal order in detention.  (Doc. 5, p. 1.)  Addressing the declaration of Alex Hans, Le points out that there is no indication that a travel document has been issued, no explanation for the delay that existed in 2017 and 2018, and no explanation for the current delay or any efforts made to expedite Le's travel document issuance.  (*Id.* at 2–3.)  Thus, Respondents do not offer any concrete evidence that removal will occur in the reasonably foreseeable future other than asking to court to "take their word for it."  (*Id.* at 3.)

Section 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Section 1231(a)(1)(A) provides that, following entry of a final order of removal, the United States generally must effectuate the noncitizen's removal during a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to the Board of Immigration Appeals was either taken and ruled upon or the time to appeal expired); (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an

immigration process), the date the alien is released from confinement. *See id.* § 1231(a)(1)(B).

Detention is mandatory during this first 90 days. *Id.* § 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)). Following expiration of the 90-day removal period, certain noncitizens "may" be detained. *Arteaga-Martinez*, 596 U.S. at 578–79 (quoting 8 U.S.C. § 1231(a)(6)). How long a noncitizen may be detained pursuant to Section 1231(a)(6) following the 90-day removal period has been the subject of considerable litigation.

In *Zadvydas*, the Supreme Court held that Section 1231(a)(6) "does not permit indefinite detention," but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. According to *Zadvydas*, a period reasonably necessary to bring about a noncitizen's removal from the United States is presumptively six months. *Id.* at 701. Thus, noncitizens detained under Section 1231(a)(6) past the six-month presumptively-constitutional period may bring a due process challenge to their continued detention should that detention become prolonged and potentially unlawful. *See Zadvydas*, 533 U.S. at 699–701. If the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond

7

with evidence sufficient to rebut that showing." *Id.* at 701; *see also* 8 C.F.R. §§ 241.4, 241.13 (establishing agency procedures for determining whether noncitizens detained under 1231(a) past 90-day removal period should be released on supervision or remain in detention). The determination of what constitutes the reasonably foreseeable future shrinks as the period of confinement increases. *Id.*

Here, the parties do not dispute that there is a final order of removal and that the 90-day removal period has passed. Further, although Respondents seem to contest that the 214 days of detention in 2017 and 2018 count towards the six-month presumptively reasonable period, the parties do not dispute that Le has been re-detained since October 17, 2025. Examining only this recent period of detention, Le has been detained for nearly nine months, which is sufficiently more than the presumptively reasonable period of six months.

The question of whether pre-1995 Vietnamese refugees will be removed to Vietnam in the reasonably foreseeable future has been litigated in this district and other courts. *See, e.g.*, *Van Phan v. Warden of Fed. Corr. Inst. Lewisburg*, No. 3:26-cv-770, 2026 WL 1080390 (M.D. Pa. Apr. 21, 2026) (examining the history of removal to Vietnam for pre-1995 refugees); *Nguyen v. Scott*, 796 F. Supp. 3d 703 (W.D. Wash. 2025) (same); *Trinh v. Homan*, 466 F. Supp. 3d 1077 (C.D. Cal. 2020) (same); *Lam v. Noem*, 3:25-cv-397, 2026 WL 492383 (W.D. Pa. Feb. 23, 2026) (same). In *Van Phan v. Warden of Federal Correctional Institution*

8

*Lewisburg*, 2026 WL 1080390, at *4–5, the court detailed the lengthy history of the United States attempting to obtain appropriate travel documents for individuals ordered removed to Vietnam.  As asserted by Le, the *Van Phan* court noted that Vietnam has "long refused to accept Vietnamese nationals who came to the United States as refugees before 1995."  *Id.* at *4 (citing *Nguyen*, 796 F. Supp. 3d at 714; *Trinh*, 466 F. Supp. 3d at 1083–84).  *Van Phan* and other courts have found that "evidence of the process for procuring travel documents from Vietnam for pre-1995 immigrants establishes a good reason to believe that removal of a pre-1995 Vietnamese immigrant detained under 8 U.S.C. § 1231 is not reasonably foreseeable."  *Van Phan*, 2026 WL 1080390, at *5 (citing *Lam*, 2026 WL 492383, at *6-7 (holding pre-1995 Vietnamese refugee removal not reasonably foreseeable with travel document application pending for five months); *Luong v. Oddo*, 3:25-cv-422, Doc. 21 (W.D. Pa. Feb. 20, 2026) (holding pre-1995 Vietnamese refugee removal not reasonably foreseeable with travel document application pending for four months); *Bo v. Bondi*, 3:26-cv-28, Doc. 18 (W.D. Pa. Feb. 1, 2026) (same)).  Because Le has shown that the process for obtaining his travel document began in January 2026 (excluding the earlier attempt), and no travel documents have been issued by Vietnam to date (6 months later), Le has established good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Turning to Respondents' burden to rebut Le's showing, courts within the Third Circuit have found that "assertions from the government of a remote possibility of eventual removal is not sufficient evidence to rebut that showing." *Van Phan*, 2026 WL 1080390, at *5 (citations omitted).  The only evidence provided by Respondents is a declaration from a deportation officer that DHS has requested a travel document for Le and there is a significant likelihood that it will be issued in the reasonably foreseeable future.  (*See* Doc. 4-5.)  The court finds that this speculative and unsupported by any evidence especially given the history of attempting to obtain travel documents for Le in 2017 and 2018 without success, and the current six-month waiting time.  *See Van Phan*, 2026 WL 1080390, at *6 (citing other cases holding the same).  Thus, Respondents have failed to rebut Le's showing.  The court will grant Le's petition and order his immediate release on the same conditions previously imposed.

As to the request for costs and reasonable attorneys' fees, the court will not make a determination of fees and costs here, but will permit Le to file an appropriate motion for costs and fees pursuant to the EAJA within thirty days of the entry of final judgment.

10

## CONCLUSION

For these reasons, the court will grant Le's petition for writ of habeas corpus and order his immediate release on conditions previously imposed.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 9, 2026